UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VFS US LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-02226** |
| **VACZILLA TRUCKING, LLC, CRYSTAL DITCHARO, AND DOMINICK DITCHARO** | **SECTION "L" (2)** |

### ORDER & REASONS

Before the Court is Counterclaimants'—Vaczilla Trucking, LLC, Crystal Ditcharo, and Dominick Ditcharo—Motion for Leave to File First Amended Counterclaim. R. Doc. 55. The Court has reviewed the briefs and the applicable law, and the Court now issues this Order & Reasons.

### I. BACKGROUND

This case arises out of a contract dispute. Vaczilla was a new firm that sought to enter the market for supplying water to various oil exploration companies engaged in the oil and gas exploration and production industry in North Dakota. R. Doc. 24 at 13–14. Vaczilla's initial foray into the market yielded little revenue. R. Doc. 24 at 14. In response to this lack of demand, Defendants Vaczilla, Crystal Ditcharo, and Dominick Ditcharo ("Vaczilla") changed their business model, and purchased ten vehicles from Parish Truck Sales, Inc., Bennett, and Whitlow ("the Parish Defendants") for the purpose of transporting crude oil. R. Doc. 24 at 14. VFS financed Vaczilla's purchases through one Credit Sales Contract and four Secured Promissory Notes (the "Finance Contracts"). General Electric Capital Corporation ("GE") also financed several purchases for Vaczilla. Vaczilla subsequently defaulted on its payments to its financiers, and VFS brought the present action to collect the balances due.

Vaczilla filed a counterclaim in August 2015, arguing that the Finance Contracts should be rescinded due to fraud and error. Vaczilla also brought a counterclaim for negligent misrepresentation against VFS. Regarding the request for rescission, Vaczilla alleges that its contract with Parish Truck Sales was premised on an improper sales method. Vaczilla could not afford to make down payments, so Vaczilla was charged an excessive price for the vehicles, and in return Vaczilla received a credit for down payments which Vaczilla never made to Parish Truck Sales. This arrangement allowed Vaczilla to purchase the vehicles without making the down payments set forth in the Finance Contracts. This deal appeared favorable to Vaczilla, because Vaczilla did not have sufficient capital to make the down payments. According to Vaczilla, the company relied on Parish Truck Sales's assurances that the arrangement was legally and fiscally sound, and VFS signed off on the Finance Contracts despite being aware that the price appeared to be suspicious.

Vaczilla claims that the excessive price for the vehicles and the accompanying illusory down payments constitute improper acts which warrant rescission of the contracts. Specifically, Vaczilla avers that VFS "knew or should have known" that the price for the trucks was unusually high and should have concluded that an impropriety existed, and that notice of such impropriety is sufficient in equity to rescind the Financing Agreement on the grounds of fraud and error, R. Doc. 24 at 18–19.

Vaczilla filed suit against the Parish Defendants in Louisiana state court, alleging fraud, intentional misrepresentation, and negligent misrepresentation, among others. *Vaczilla Trucking, LLC v. Parish Truck Sales, Inc.*, Docket No. 2015-7793, Civil District Court for the Parish of Orleans, State of Louisiana. In its November 16, 2015, Order & Reasons, the Court ordered VFS to amend its counterclaim to add the Parish Defendants to Vaczilla's counterclaims for rescission of contracts for fraud and rescission of contracts for error. *See* R. Doc. 52. The Court explained

that "[t]he Parish Defendants must be joined in order to prevent this Court's holding from trickling down to state court and prejudicing their defense." R. Doc. 52 at 32. The Court also noted that the "Parish Defendants have an interest in the rescission and negligence actions at bar, because the facts concerning the state law claims against the Parish Defendants are inextricably intertwined with the facts of this case." R. Doc. 52 at 31.

## II.     PRESENT MOTION

Vaczilla now moves to add Maczilla LLC ("Mackzilla") as a Counterclaim Plaintiff, and asks the Court to grant Mackzilla leave to assert certain claims against the Counter-defendants. Vaczilla also moves to join the Parish Defendants and GE as Counter-defendants, and to assert multiple claims, including one for negligent misrepresentation, against GE.

### A.     Vaczilla's Motion for Leave to File First Amended Counterclaim

Vaczilla argues that Parish, Bennett, and Whitlow should be added to the litigation pursuant to this Court's November 16, 2015, Order & Reasons, and relies on the same Order & Reasons to support its argument that GE should be added as a necessary party. Vaczilla contends that GE's claims present the same "trickle down" issues as Parish, Bennett, and Whitlow's, because GE has an interest in preventing the creation of "negative precedent" in cases to which GE is a party in Louisiana state court and the United States District Court for the Southern District of Texas. *See General Electric Capital Corporation v. Mackzilla, LLC, et. al*, Civ. A. No. 15-2425.

Vaczilla also seeks leave to join Maczilla to their counterclaims against VFS, and cites both Rules 19 and 20 of the Federal Rules of Civil Procedure. R. Doc. 55-1 at 3. Vaczilla states that Maczilla's position is similar to Vaczilla's, as Parish obtained financing from VFS and GE through Maczilla to sell additional trucks and trailers. The deposit refund scheme employed by

3

Maczilla was also allegedly the same as the scheme employed by Vaczilla. Vaczilla avers that Maczilla's claims therefore hinge on the same alleged misrepresentations and omissions as to the propriety of the financing arrangement. R. Doc. 55-1 at 8.

Vaczilla and Maczilla additionally seek to join claims against GE pursuant to Rule 18(a) for rescission of contracts for fraud and rescission of contracts for error. Both also move to add a claim for negligent misrepresentation against GE, despite the fact that this Court recently dismissed Vaczilla's claim for negligent misrepresentation for the failure to state a claim.

No oppositions to this motion have been filed.

### III.   LAW AND ANALYSIS

#### A.   Law at Issue

Under Rule 19(a) of the Federal Rules of Civil Procedure, a party shall be joined in an action as plaintiffs if:

> **(1) *Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> > **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> > **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > > **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> > > **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19. There is no precise formulation of when a nonparty should be joined under Rule 19(a), but courts give consideration to the desirability of avoiding multiple litigation, affording complete relief within a single action, and shielding the nonparty from any prejudicial effects of deciding the instant action without their involvement. 7 Wright, Miller & Kane,

*Federal Practice and Procedure: Civil 3d* § 1604 (2001).  "It is to be stressed that the criteria set forth in Rule 19 are not to be applied mechanically nor are they to be used to override compelling substantive interests." *Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970). The Rule 19 inquiry "is a highly-practical, fact-based endeavor." *Hood v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009).  There are touchstones despite the somewhat fluid lens through which a court must view Rule 19.  Rule 19 does not require the joinder of joint tortfeasors, principals and agents, or persons against whom a party may have a claim for contribution. *Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880–81 (5th Cir. 1987).

Under Rule 20(a) of the Federal Rules of Civil Procedure, a party may join in an action as plaintiffs if: "(a) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20.  Rule 20(b) provides for the joinder of defendants, and includes essentially the same requirements.  The Fifth Circuit has held that Rule 20 creates a two-pronged test, allowing for joinder if "(1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences'" and when (2) there is at least one common question of law or fact linking all claims. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010); *see also United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

Rule 18 provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18.  The rule is permissive. *In re Oil Spill by the Oil Rig*

5

*Deepwater Horizon in the Gulf of Mexico, on Apr. 20, 2010*, No. MDL 2179, 2014 WL 4693068, at *4 (E.D. La. Sept 22, 2014).

    **B.**    **Discussion**

        1.    Joinder of Parish, Bennett, Whitlow, and GE as Counter-Defendants

For the reasons articulated in its November 16, 2015, Order & Reasons, the Court finds it appropriate to join Parish, Bennett, and Whitlow pursuant to Rule 19(a)(1)(B). *See* R. Doc. 52 at 28-32. However, the Court declines to join General Electric under Rule 19, because General Electric's interest in the litigation is different from that of the Parish Defendants. Whereas the Parish Defendants faced the prospect of being tried in absentia for fraudulent business practices, *see* R. Doc. 52 at 32, GE's interest in the litigation is not as significant. A finding of liability on the part of VFS does not equate a finding of liability on the part of GE, as they are two separate entities with differing degrees of knowledge regarding the alleged fraud or error. GE's interests are therefore markedly inferior to those of Parish, Bennett, and Whitlow. The Court stresses that the legal significance of "negative precedent" does not extend so far as to eliminate the potential for inconsistent judgments. *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1310 (5th Cir. 1986) (citing *Read v. Phillips Petroleum Co.*, 441 F.Supp. 1184, 1186 (E.D. La. Nov. 8, 1977)). GE's interest in the litigation may therefore not be suitably "impair[ed] or imped[ed]" to satisfy Rule 19. Fed. R Civ. P. 19(a)(1)(B)(i).

The Court finds Rule 20 a more appropriate vehicle for joinder. A defendant may be joined as a defendant if the two-pronged test of Rule 20 is satisfied. *Acevedo*, 600 F.3d at 521. Regarding the first prong, the claim against GE arises out of the same "series of transactions or occurrences" as the claim against VFS, because both GE and VFS financed the sales of trucks to Vaczilla and Maczilla. The second prong is also met. The claims against GE and GE's fellow

6

counter-defendants present common questions regarding the legal propriety and factual circumstances concerning the phantom down-payment arrangement.  The "impulse" towards efficient joinder supports this finding.  *United Mine Workers of Am.*, 383 U.S. at 724.

Counterclaim Plaintiffs may assert all claims they have against the Parish Defendants and GE in this litigation pursuant to Rule 18.[1]

### 2.  Joinder of Maczilla as a Counterclaim Plaintiff

The Court finds joinder of Maczilla proper under Rule 20(a).  Fed. R. Civ. P. 20(a).  Maczilla and Vaczilla share more than similar names—their claims against the counter-defendants arise out of the same series of transactions and occurrences, and common questions exist as to the legal propriety and factual circumstances of the transactions at issue.  The two-pronged test of Rule 20(a) is satisfied.

### 3.  Maczilla's Claims against GE

Maczilla is granted leave to assert all of its claims against GE in this litigation, including its negligent misrepresentation claim.  The Court notes that it has already dismissed Vaczilla's negligent misrepresentation claim against VFS in this action, but will allow Maczilla to assert its claim for purposes of appeal.  Maczilla's negligent misrepresentation claims may not survive a Rule 12(b)(6) challenge by the Counter-defendants.  Furthermore, after an appropriate period of

---

[1] The Court notes that it has already dismissed Vaczilla's negligent misrepresentation claim against VFS, but will nevertheless allow Vaczilla to assert a similar claim against GE.  The negligent misrepresentation claims may not survive the test of a motion to dismiss, and the rescission claims against GE present legal issues ripe for analysis on summary judgment.  *See* R. Doc. 52 at 21.

7

discovery, presentation of the legal issues relevant to the rescission claims by way of summary judgment motion may be appropriate.

### IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants and Counterclaimants Vaczilla Trucking, LLC, Crystal Ditcharo, and Dominick Ditcharo's ("Vaczilla") Motion for Leave to File First Amended Counterclaim is **GRANTED.**

New Orleans, Louisiana, this 4th day of February, 2016.

_____
UNITED STATES DISTRICT JUDGE