## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VFS US LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-02226** |
| **VACZILLA TRUCKING, LLC,**<br>**CRYSTAL DITCHARO, AND**<br>**DOMINICK DITCHARO** | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is Defendant-in-Counterclaim Michael R. Whitlow's ("Whitlow")
Motion to Dismiss the Counterclaims asserted against him by Defendants/Plaintiffs-in-
Counterclaim. (R. Doc. 75). The Court has reviewed the briefs and the applicable law, and the
Court now issues this Order & Reasons.

## I.      BACKGROUND

This case arises out of a contract dispute.  Vaczilla was a new firm that sought to enter
the market for servicing water to the oil and gas exploration and production industry in North
Dakota. (R. Doc. 57 at 3–4). Vaczilla's initial foray into the market yielded little revenue. *Id.* at
4.  In response to this lack of demand, Defendants/Plaintiffs-in-Counterclaim Vaczilla Trucking,
LLC, Mackzilla, LLC, Dominick Ditcharo III, and Crystal Ditcharo (collectively, "Vaczilla")
purchased several vehicles from Parish Truck Sales, Inc. ("Parish") for the purpose of
transporting crude. *Id.*  To finance these purchases, Vaczilla entered into a series of contracts
with VFS US LLC ("VFS") and General Electric Capital Corporation ("GE"). Vaczilla
subsequently defaulted on its payments to both VFS and GE, and VFS brought the present action
against Vaczilla to collect the balances due.

Vaczilla responded by filing a Counterclaim against VFS in August 2015, arguing that its contracts with VFS should be rescinded due to fraud and error.  Vaczilla also brought a Counterclaim for negligent misrepresentation against VFS. On September 29, 2015, VFS filed a motion to dismiss the Counterclaim against it. The Court denied VFS's motion to dismiss regarding Vaczilla's claims for rescission on grounds of fraud and error but granted VFS's request to dismiss Vaczilla's claim of negligent misrepresentation. (R. Doc. 52).

In February 2016, Vaczilla amended its Counterclaim, adding Parish, Brian A. Bennett ("Bennett"), Michael R. Whitlow ("Whitlow"), and GE as Counterclaim Defendants. (R. Doc. 57).  On April 11, 2016, GE brought a motion to dismiss the Counterclaim against it, and the Court granted that motion on May 11, 2016. (R. Docs. 67, 79)

Regarding its request for rescission, Vaczilla alleges that its contract with Parish was premised on an improper sales method (the price of the vehicle including the down payment). Vaczilla could not afford to make down payments, so was charged an excessive price for the vehicles. In return, Vaczilla received a credit for down payments which Vaczilla never actually made to Parish Truck Sales.  This arrangement allowed Vaczilla to purchase the vehicles without making the down payments set forth in the Bill of Sales.  This deal appeared favorable to Vaczilla, because Vaczilla did not have sufficient capital to make the down payments and would not otherwise have been able to purchase the vehicles.  According to Vaczilla, the company relied on Parish's and Bennett's assurances that the arrangement was legally and fiscally sound, and VFS and GE signed off on the Loan Agreements despite being aware that the price appeared to be suspicious.

Vaczilla claims that the excessive price for the vehicles and the accompanying illusory down payments constitute improper acts which warrant rescission of the contracts. Specifically

to this case, Vaczilla alleges that Vaczilla entered into the contracts because Vaczilla trusted

Parish and Bennett particularly because Whitlow, who was Bennett's business partner, had a

long-standing business relationship with Mr. Ditcharo's father. (R. Doc. 57 at 5).

## II.    PRESENT MOTION

Whitlow moves to dismiss the Counterclaim filed by Vaczilla against Whitlow on the

grounds that Vaczilla fails to state a claim. (R. Doc. 75). In their Counterclaim, Vaczilla asserts

two causes of action against Whitlow: Negligent Misrepresentation and Unjust Enrichment. (R.

Doc. 57 at 18, 34).Whitlow argues that Vaczilla fails to state a claim for either cause of action,

and the case against him should be dismissed. (R. Doc. 75).

## III.    LAW AND ANALYSIS

### A.    Motion to Dismiss Standard

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a

complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ.

P. 12(b)(6).  A district court must construe facts in the light most favorable to the nonmoving

party. *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir. 2009).  The court

must accept as true all factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.*  (citation omitted).

Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to

relief that is plausible on its face." *Bell Atlantic Corporation et al. v. William Twombly,* 550

U.S. 544, 570 (2007).  A motion to dismiss under rule 12(b)(6) is "viewed with disfavor and is

rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

### B.    Negligent Misrepresentation

Vaczilla alleges that Whitlow "upon information and belief…was aware of the deposit and/or down payment refund scheme orchestrated by Parish and Bennett" because Whitlow signed the checks refunding the down payments to Vaczilla. (R. Doc. 57 at 18). Vaczilla thus avers that Whitlow is guilty of negligent misrepresentation because he failed to inform Vaczilla of the impropriety of the contracts. *Id.*

Under Louisiana law, a claim for negligent misrepresentation consists of four elements: "(1) the defendant, in the course of its business or other matters in which it had a pecuniary interest, supplied false information; (2) the defendant had a legal duty to supply correct information to the plaintiff; (3) the defendant breached its duty, which can be breached by omission as well as by affirmative misrepresentation; and (4) the plaintiff suffered damages or pecuniary loss as a result of its justifiable reliance upon the omission or affirmative misrepresentation." Blanchard v. Lee, No. 13-220, 2013 WL 4049003, at *5 (E.D. La. Aug. 9, 2013). Whitlow argues that Vaczilla's claim fails as to all four elements.

Whitlow argues that he did not affirmatively misrepresent anything, and points out that Vaczilla never *alleges* that Whitlow supplied Vaczilla with false information or that there was ever an interaction between Vaczilla and Whitlow. (R. Doc. 75 at 11). Therefore, Vaczilla's claim is only actionable as a negligent "omission," which is only actionable in Louisiana if the defendant had "a legal duty to supply correct information." Blanchard, 2013 WL 4049003 at *5. At oral argument, counsel for Whitlow contended that Vaczilla and Whitlow were in a customer-supplier relationship, therefore Vaczilla cannot prove under Louisiana law that a legal duty to

4

disclose arose in the context of that relationship. The Court agrees. "A duty to disclose does not arise absent special circumstances, such as a fiduciary or confidential relationship between the parties. . . . [F]iduciary duties do not arise from ordinary supplier-customer contracts." *Wilson v. Mobil Oil Corp.*, 940 F. Supp. 944, 955 (E.D. La. 1996). While Vaczilla argues that Whitlow's long-standing relationship with Mr. Ditcharo's father influenced Vaczilla's decision to sign the contracts for sale, that sort of relationship is not one of the "special circumstances" intimated by the court in *Wilson*. Whitlow owed no duty to Vaczilla.

The Court agrees with Whitlow that no duty existed and, therefore, no duty was breached by omission. In addition, it is not at all clear that Vaczilla suffered damages or pecuniary loss as a result of its reliance upon Whitlow's omission. Vaczilla defaulted on its payments to both VFS and GE, but Vaczilla fails to make a connection between their financial hardship and Whitlow's omission. Vaczilla was unsuccessful in its business ventures in the North Dakota oil fields and was thus unable to fulfill its contract with GE and VFS. It is not clear that, had they been successful, they would still have defaulted. The connection between Vaczilla's unsuccessful business venture and its failure to pay VFS and GE is clear. What is not clear, and not alleged, is the causal link between Whitlow's purported omission and Vaczilla's financial ruin.

This Court finds that Vaczilla's Counterclaim fails to state a clam for negligent misrepresentation against Whitlow.

### C.    Unjust Enrichment

Vaczilla also alleges an alternative claim for unjust enrichment in violation of Louisiana Civil Code article 2298 against Whitlow. (R. Doc. 57 at 34). Whitlow counters that claim, arguing that Vaczilla is merely conclusory in its allegations and does not offer any factual support. (R. Doc. 75-1 at 7).

Louisiana Civil Code article 2298 provides, in relevant part, that "[a] person who has been enriched without cause at the expense of another person is bound to compensate that person." To prevail on an unjust enrichment claim, the plaintiff must prove the following: 1) an enrichment; 2) an impoverishment; 3) a connection between the enrichment and the resulting impoverishment; 4) an absence of justification or cause for the enrichment and impoverishment; and 5) the lack of another remedy at law. Commercial Union Ins. Co. v. CBC Temporary Staffing Services, Inc., 04-0854 (La. App. 1 Cir. 11/3/04), 897 So.2d 647, 651.

In its Counterclaim, Vaczilla alleges that Whitlow was enriched because he "reap[ed] considerable profits from the sales of the trucks and trailers to Vaczilla. . . ." (R. Doc. 57 at 35). While Vaczilla is not required to submit any evidence at this stage in the case, Vaczilla fails to provide any factual basis or justification for the conclusory statement that Whitlow was enriched because of the contract. Some factual basis is required to defeat a motion to dismiss.

The Court finds that there is no factual basis in the Counterclaim to support the allegation that Whitlow was enriched by the contracts. It is possible Vaczilla's default on their payments caused financial harm to Whitlow, Bennett, and Parish in that they will not receive the payments due and, even if the trucks are returned to them, they will be in a used and accordingly less valuable. No facts were presented, however, regarding Whitlow's financial state following these transactions, so the Court cannot accept as true Vaczilla's assertion that Whitlow was enriched. Vaczilla's claim fails prong one of unjust enrichment.

Vaczilla next argues that Vaczilla lost considerable resources and was "impoverished in that they entered into transactions that they would not have entered into had the impropriety of the deposit and/or down payment refund scheme orchestrated by Parish and Bennett been disclosed or Jones's lack of assistance with securing North Dakota business been known to

6

them." (R. Doc. 57 at 34). Again, no factual basis is given to suggest either that Vaczilla would not have made the decision to enter into the contracts at issue but for Whitlow's omission or that Vaczilla's impoverishment was directly linked to the contracts at issue. Vaczilla appears to have lost their money while doing business in North Dakota, and were thus unable to fulfill their obligations under the contract. It is not evident to the Court that either the contracts Whitlow are responsible for Vaczilla's impoverishment. Therefore, Vaczilla's claim for unjust enrichment fails under both prongs two and three.

Regarding prong four, lack of justification for the enrichment and impoverishment, Vaczilla again merely states that such a justification does not exist. (R. Doc. 57 at 35). Nothing further is alleged and no factual basis is given to support the claim. The Court agrees with Whitlow that Vaczilla's claim is merely conclusory and lacks sufficient evidence to defeat a motion for summary judgment.[1]

This Court finds that Vaczilla's Counterclaim fails to state a clam for unjust enrichment against Whitlow.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Michael R. Whitlow's Motion to Dismiss for Failure to State a Claim is **GRANTED**.


New Orleans, Louisiana, this 8th day of July, 2016.

UNITED STATES DISTRICT JUDGE

---

[1] Because Vaczilla fails on the first four prongs of unjust enrichment, the Court does not find it necessary to address whether or not another remedy at law exists.

7