UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VFS US LLC | CIVIL ACTION |
| VERSUS | NO. 15-02226 |
| VACZILLA TRUCKING, LLC, CRYSTAL DITCHARO, AND DOMINICK DITCHARO | SECTION "L" (2) |

## ORDER & REASONS

Before the Court is a Joint Motion for Judgment on the Pleadings filed by Defendants-in-Counterclaim Parish Truck Sales, Inc. ("Parish") and Brian Bennett (together, "Defendants"). (R. Doc. 95). Plaintiffs-in-Counterclaim Vaczilla Trucking, LLC ("Vaczilla"), Mackzilla, LLC ("Maczilla"), Dominick Ditcharo, and Crystal Ditcharo (together, "Plaintiffs") oppose the Motion. (R. Doc. 108). The Court has reviewed the briefs and the applicable law, and now issues this Order & Reasons.

**I.    BACKGROUND**

This case arises out of a contract dispute.  Vaczilla was a new firm that sought to enter the market for servicing water to the oil and gas exploration and production industry in North Dakota.  (R. Doc. 57 at 3–4). Vaczilla's initial foray into the market yielded little revenue. *Id.* at 4.  In response to this lack of demand, Plaintiffs purchased several vehicles from Parish for the purpose of transporting crude.  *Id.*  To finance these purchases, Plaintiffs entered into a series of contracts with VFS US LLC ("VFS") and General Electric Capital Corporation ("GE"). Plaintiffs subsequently defaulted on their payments to both VFS and GE.  On June 18, 2015, VFS filed suit in this Court against Vaczilla, Dominick Ditcharo, III, and Crystal Ditcharo to collect the balances due under the financing agreements whereby VFS financed the purchase of

10 trucks and trailers that the Ditcharos had purchased from Parish. (R. Doc. 1). On August 13, 2015, the Plaintiffs answered the original Complaint and filed a Counterclaim against VFS. (R. Doc.24). On September 29, 2015, VFS moved to dismiss the counterclaims (and, alternatively, requested joinder of parties). (R. Doc. 39). After hearing oral argument on VFS's motion to dismiss, on November 16, 2015, the Court issued Order & Reasons partially granting VFS's motion to dismiss and ordering the joinder of additional parties. (R. Doc. 52).

After seeking leave, Plaintiffs filed their First Amended Counterclaim on February 4, 2016, where they added Parish, Bennett, Michael R. Whitlow ("Whitlow"), and GE as Counterclaim Defendants. (R. Doc. 57). On April 11, 2016, GE filed a motion to dismiss the counterclaims lodged by Plaintiffs and, on May 11, 2016, the Court issued an Order & Reasons granting GE's motion to dismiss. (R. Doc. 79). On May 6, 2015, Whitlow filed motion to dismiss the claims against him (R. Doc. 75). After hearing oral argument, the Court granted his motion on July 8, 2016. (R. Doc. 92).

On September 6, 2016, Bennett and Parish, the remaining defendants, filed the instant Motion for Judgment on the Pleadings. (R. Doc. 95). Meanwhile, on September 15, 2016, Plaintiffs filed a Joint Motion to Dismiss their claims against VFS. (R. Doc. 101). The Court granted that motion on September 19, 2016. (R. Doc. 104). Accordingly, VFS is no longer a party to the case.

    A. <u>Factual Background</u>

In the Amended Counterclaim (Rec. Doc. No. 57), Plaintiffs claim that Bennett of Parish Trucks suggested that the Ditcharos "take advantage of the surge in oil and gas exploration and production in the North Dakota area. . . ." (R. Doc. 57 at 3). "Having no experience in the energy field and very little experience in the trucking business, Mr. Ditcharo was hesitant to get

involved in Bennett's proposed venture but the discussions with Bennett persisted." *Id.* "After several conversations and based upon the assurance of Parish and Bennett" that Bennett's contact in the business would assist Mr. Ditcharo, Mr. Ditcharo "finally agreed with Bennett" and purchased trucks and trailers from Parish Truck Sales and entered the market. *Id.* However, by 2011, the Ditcharos' "entry into the North Dakota business was not going well." *Id.* at 4. Allegedly, Bennett then suggested the Ditcharos buy more trailers "to make Vaczilla's North Dakota operations profitable and continue to pay the existing debt incurred by Vaczilla from its previous truck and trailer purchases." *Id.* Allegedly, Bennett told Mr. Ditcharo that Parish could assist the Ditcharos with the down payments and that Parish would issue refunds to Vaczilla. *Id.* According to the Amended Counterclaim, the Ditcharos agreed with Bennett to purchase additional trailers from Parish and did so because Mr. Ditcharo "had previously done business with Parish and Bennett and trusted Parish and Bennett, particularly in light of the fact that Bennett's business partner at Parish, Michael Whitlow, had previously enjoyed a long-standing business relationship with Mr. Ditcharo's father. . . ." *Id.* at 5.

Thereafter, the Ditcharos purchased trucks and trailers from Parish, through Bennett, between November 2011 and January 2012. *Id.* Specifically, using GE as a financing source, the Ditcharos purchased three vehicles. *Id.* at 5-6. Specifically, using VFS as a financing source, the Ditcharos purchased two vehicles. *Id.* at 6. Eventually, the Ditcharos made additional purchases from Parish using both General Electric and VFS as financing sources. *Id.* at 6-7.

Plaintiffs allege eleven causes of action: (1) rescission of contracts for fraud; (2) rescission of contracts for error; (3) delictual fraud; (4) intentional misrepresentation; (5) negligent misrepresentation; (6) a claim under the Louisiana Unfair Trade Practices Act; (7) detrimental reliance; (8) intentional infliction of emotional distress; (9) a RICO cause of

action against Bennett; and (10) a RICO cause of action against Parish Trucks and Bennett; and (11) unjust enrichment.

## II.     PRESENT MOTION

Defendants file the instant motion for judgment on the pleadings, arguing that Plaintiffs are completely barred from recovery under the doctrine of *in pari delicto* because they were complicit in the illegal scheme and therefore have unclean hands. (R. Doc. 95 at 1). Plaintiffs disagree, arguing that unclean hands is an equitable doctrine that does not apply to money damages, and further that there is no proof or allegation that Plaintiffs willfully engaged in any illegal or immoral conduct, making the doctrine inapplicable to this case. (R. Doc. 108 at 1). In response, Defendants reiterate their argument that Plaintiffs were complicit in the scheme, and note that the Eastern District has rejected the contention that in pari delicto should not apply to monetary damages. (R. Doc. 113-1 at 3).

## III.    LAW AND ANALYSIS

### A.     The Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  The purpose of a Rule 12(c) motion is to "dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Collins v. A.B.C. Marine Towing, L.L.C.*, U.S. Dist. LEXIS 86515, at *6 (E.D. La. June 30, 2015) (internal citations omitted). When a court is presented with matters outside the pleadings in a 12(c) motion, the Court may exclude the matters or treat the motion as a motion for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).

The standard for a motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss. *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009). The twin homilies of *Twombly* and *Iqbal* therefore govern this standard. A complaint must plead "enough facts to state a claim to relief that is plausible on its face" to survive a 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[F]acial plausibility [exists] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must take the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the plaintiff. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

  **B.**  **Analysis**

A Rule 12(c) motion may only be granted by the court where "the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Collins* U.S. Dist. LEXIS 86515, at *6. Defendants' Motion relies on the argument that Plaintiffs are barred form recovery because of *in pari delicto*, or unclean hands. They argue that because Plaintiffs knowingly participated in the deposit refund scheme, they have unclean hands and should not be able to recover. Plaintiffs, however, aver that though they knowingly participated in the contract, they were unaware of its illegality or impropriety, and had they known, they would not have participated. At this time, the Court cannot determine Plaintiffs' culpability, because what the Plaintiffs knew or should have known is an unanswered question of material fact. Because a question of material fact must be resolved in order to resolve the Rule 12(c) motion, the Motion is presently improper. After some

discovery, however, it may be appropriate to revisit this issue on a motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion for Judgement on the Pleadings is **DENIED**.

New Orleans, Louisiana, this 4th day of October, 2016.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE